**In re Susan Lie BECK, Debtor.**

**No. 8:02–bk–21610–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 7, 2006.

Patrick R. Smith, PR Smith Law Group, PA, Tampa, FL, for Debtor.

## ORDER ON OBJECTION TO TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Objection to Trustee's Final Report and Applications for Compensation filed by Allan Stephen Zam-

ren a/k/a Law Offices Allan Stephen Zamren (Zamren).

In the Objection, Zamren contests the administrative expense claims asserted (1) by Stephen L. Meininger, as Chapter 7 Trustee, (2) by Stephen L. Meininger, as attorney for the Trustee, and (3) by Vincent C. Rowley, as special counsel for the Trustee. Zamren essentially asserts that the claims are excessive and should not be allowed in the amounts set forth in the Final Report.

## Background

The Debtor, Susan Lie Beck, filed a petition under Chapter 7 of the Bankruptcy Code on October 31, 2002. Stephen L. Meininger (Meininger) was appointed as the Chapter 7 Trustee in the case.

On December 11, 2002, after the conclusion of the § 341 meeting of creditors, Meininger filed an Application to Employ Counsel. (Doc. 4). On December 17, 2002, the Court entered an Order authorizing the employment of Stephen L. Meininger as attorney for the Trustee. (Doc. 5).

On January 3, 2003, Meininger filed an Application to Employ Vincent C. Rowley as Special Counsel for the Trustee. (Doc. 8). On January 10, 2003, the Court entered an Order authorizing the employment of Vincent C. Rowley (Rowley) as special counsel in connection with the prosecution of a personal injury claim that constituted property of the Chapter 7 estate. The Order further provided that "compensation will be paid at the standard contingency basis of 33 1/3% of the gross recovery pre-suit, 40% if suit is filed, plus reasonable expenses, in accordance with Section 330 of the Bankruptcy Code." (Doc. 9).

On April 15, 2005, Rowley filed a Motion to Approve Proposed Compromise of Estate's Personal Injury Claim. (Doc. 31).

On June 29, 2005, the Court entered an Order Granting the Motion. Generally, the Order authorized the Trustee to compromise the personal injury claim by accepting the sum of $12,500.00 from Allstate Insurance. (Doc. 39).

On May 8, 2006, the Trustee filed his Final Report, and on May 9, 2006, the Trustee filed his Notice of Final Report. (Docs. 49, 52). The Final Report reflects that the estate had received the total sum of $13,384.96 from the liquidation of the Debtor's nonexempt assets. The Report also reflects that (1) Meininger, as Trustee, had requested fees in the amount of $2,035.45 and expenses in the amount of $11.50; (2) Meininger, as the Trustee's attorney, had requested fees in the amount of $962.50 and expenses in the amount of $1.50; and (3) Rowley, as Special Counsel, had requested fees in the amount of $3,950.00 and expenses in the amount of $2,005.41.

After payment of the fees and costs, if allowed, the Trustee projected a distribution of 15.3094% to general unsecured creditors. Zamren is a general unsecured creditor with an allowed claim in the amount of $15,312.50.

On May 25, 2006, Zamren filed an Objection to the Final Report. Zamren asserts that the fees and expenses claimed by Meininger and Rowley are excessive and should not be allowed in the amounts requested.

## Discussion

The Court has reviewed the Applications submitted by Meininger and Rowley, and finds that the fees and expenses set forth in the Applications should be allowed.

### 1. Application of Meininger, as Trustee

■ Meininger seeks compensation in the amount of $2,035.45 for his services as

Trustee in this case. (Doc. 50). The amount requested is the statutory allowance provided under § 326 of the Bankruptcy Code. The computation of the statutory allowance is set forth in a worksheet attached to the Application.

The compensation should be approved.

### 2. Application of Meininger, as attorney for the Trustee

■ Meininger also seeks compensation in the amount of $962.50 for his services as attorney for the Trustee in this case. (Doc. 47).

An itemization of the legal services provided by Meininger is attached to the Application. The itemization reflects that the services primarily relate to the Trustee's Objection to an exemption claimed by the Debtor, and also to the Trustee's objection to a Proof of Claim filed by Zamren.

Meininger's services fall squarely within the duties of the Trustee set forth in § 704 of the Bankruptcy Code.

Meininger's Application shows that he spent 4.1 hours on this case at a rate of $200.00 per hour, and that his paralegal spent 1.9 hours on the case at a rate of $75.00 per hour. Meininger's hours include his attendance at a hearing on the Objection to Exemption, and also his attendance at a hearing on the Objection to Zamren's Proof of Claim. Both Objections were sustained.

The Court finds that the hours spent and the rates charged are reasonable for the services performed, and that Meininger's attorney's fees should be approved as requested.

### 3. Application of Rowley, as Special Counsel for the Trustee

■ Rowley seeks compensation in the amount of $3,950.00 for his services as Special Counsel to the Trustee, and also seeks the sum of $2,005.41 as reimbursement for costs incurred in this case. (Doc. 48).

Rowley was employed by the Trustee to represent the estate in a personal injury claim arising from the Debtor's involvement in a prepetition automobile accident. A lawsuit was filed in the Circuit Court for Broward County, Florida.

A breakdown of the services provided by Rowley in the litigation is attached to his Application. The breakdown includes the date of each service, a description of each service, and the amount of time spent on each service.

The itemization shows that Rowley spent 93 hours on this case. A significant number of the hours relate to Rowley's attendance at a hearing in Fort Lauderdale on November 20, 2003, his attendance at the Debtor's deposition in Fort Lauderdale on January 23, 2004, and his attendance at a mediation conference in Fort Lauderdale on March 11, 2005. The itemization also shows that Rowley responded to various discovery requests served by the defense, prepared the Mediation Summary, and attended two hearings in the Bankruptcy Court in Tampa.

A breakdown of the expenses incurred by Rowley is also attached to his Application. In addition to postage and copying costs, the expenses listed on the breakdown include the travel and lodging charges related to Rowley's three trips to Fort Lauderdale, mediation fees paid to Mediation, Inc., a fee paid to Michael Raskin, M.D. as an expert radiologist, and copying charges paid to X–Ray Copy Services.

The Court finds that the fees and expenses requested by Rowley are reasonable and should be allowed. The personal injury claim was settled for the sum of $12,500.00, which was received by the es-

tate. The amount of the fees requested by Rowley is less than the contingency fee authorized in the Order approving his employment.

Further, the services and expenses described in the breakdown appear consistent with the litigation of a personal injury claim in south Florida. Specifically, the Court is satisfied that the services described in the Application were necessary to the prosecution of the claim and were performed in a reasonable amount of time. Based on the factors set forth in § 330 of the Bankruptcy Code, therefore, the Court finds that Rowley's compensation should be allowed as requested.

### 4. Zamren's Objection

In his written Objection, and at the hearing on the Objection, Zamren asserted that he represented the Debtor in the personal injury action prior to the appointment of Rowley, and that the combined fees of Rowley and Meininger should not exceed the fees paid to him for his work on the case. (Doc. 54, Paragraph 9; Transcript, pp. 6, 7, 19).

Zamren's Objection should be overruled. The Debtor filed a case under Chapter 7 of the Bankruptcy Code. Chapter 7 is entitled "Liquidation."

Section 704 of the Bankruptcy Code provides that the Trustee appointed in a Chapter 7 case "shall collect and reduce to money the property of the estate." In this case, the Debtor's prepetition cause of action was "property of the estate" within the meaning of § 541 of the Bankruptcy Code.

Pursuant to § 327(a) of the Bankruptcy Code, the Trustee, with the Court's approval, may employ one or more attorneys to assist him in carrying out his duties and liquidating property of the estate. If the Trustee employs an attorney under § 327, the attorney's compensation is governed by § 328 and § 330 of the Bankruptcy Code.

In this case, the Trustee employed Rowley to represent him in the liquidation of the personal injury cause of action, and Rowley's employment was approved by the Court on January 10, 2003.

Zamren was never employed by the Trustee to serve as special counsel in the prosecution of the claim, and Zamren's attorney's fees are therefore not entitled to allowance under § 328 and § 330. The Notice of Final Report reflects that Zamren's claim for legal fees is allowed as a general unsecured claim. (Doc. 52).

Finally, § 726 of the Bankruptcy Code governs the distribution of property of the estate in a Chapter 7 case. Under that section, allowed administrative claims, such as compensation to attorneys employed under § 327, are paid first, and allowed unsecured claims are paid thereafter. The distribution scheme is mandatory, and is applied without regard to any special circumstances claimed by particular creditors. *In re Chewning & Frey Security, Inc.*, 328 B.R. 899, 923 (Bankr. N.D.Ga.2005).

The Court has considered the Trustee's Final Report and the various claims asserted in this case, and finds that the distribution proposed by the Report complies with the provisions of Chapter 7 of the Bankruptcy Code. Zamren's Objection should be overruled.

Accordingly:

**IT IS ORDERED** that the Objection to Trustee's Final Report and Applications for Compensation, filed by Allan Stephen Zamren a/k/a Law Offices Allan Stephen Zamren, is overruled.